UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: ) |
| CAREY SERVICES, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Paul Carter ("Carter" or "Plaintiff"), by counsel, brings this action against Defendant, Carey Services, Inc. ("Defendant" or "Carey"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

### II. PARTIES

2. Carter is a resident of Grant County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and conducts business in the Northern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

1

6. At all times relevant to this action, Carter was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Carter is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Carter's disability and/or regarded Carter as being disabled and/or Carter had a record of being disabled.

8. Carter exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging discrimination based on his disability. Carter files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Northern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10. Carter was hired by Defendant as a Direct Service Professional on or about July 23, 2018.

11. Throughout his life, Carter has suffered from a variety of mental and physical impairments that substantially limit an array of major life activities. Carter suffers from significant hearing loss, memory issues, obesity and speech impediments. Carter has received accommodations throughout his educational and career pursuits, namely receiving additional time to complete assignments and tests because it would take longer for Carter to complete tasks than the average person due to the panoply of impairments he endures.

12. Carter requested similar assistance from Defendant. For example, Carter's disability would cause him to forget to clock out and he often needed more time to complete end of day paperwork. Carter requested that Defendant provide assistance to help him remember to complete these tasks.

13. Despite Carter's requests for an accommodation, Defendant did not engage in the interactive process to determine whether there were accommodations that would assist Carter in performing the essential functions of his position.

14. Instead, on or about March 3, 2022, Defendant met with Carter and informed him that they were considering terminating his employment because of his disability.

15. In or about May 2022, Defendant terminated Carter's employment for forgetting to clock out and performing his tasks too slowly.

16. Similarly situated non-disabled individuals have not been terminated under similar circumstances.

## V. **CAUSES OF ACTION**

17. Carter hereby incorporates by reference paragraphs one (1) through sixteen (16) as if the same were set forth at length herein.

18. Defendant discriminated against Carter in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq* based on his actual or perceived disability under the ADA.

19. Defendant's actions were intentional, willful and in reckless disregard of Carter's rights as protected by the ADA.

20. Carter has suffered damages because of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Paul Carter, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Carter's employment to the position and salary he would have enjoyed but for Defendant's unlawful actions; and/or payment to Carter of front pay in lieu thereof;

2. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Award the Plaintiff compensatory and consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's violation of the ADA;

4. Award the Plaintiff punitive damages caused by the Defendant's violation of the ADA;

5. Award the Plaintiff costs and attorney's fees incurred as a result of bringing this action;

6. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

7. Grant all other legal and/or equitable relief as may be just and proper.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com
*Attorneys for Plaintiff, Paul Carter*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Paul Carter, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Paul Carter*